*210 OPINION.
Sea well :
The section of the Revenue Act of 1926 here involved is as follows:
Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—
* * * * $ * *
(f) To the extent of any property passing under a general power of appointment exercised by the decedent (1) by will, or (2) by deed executed in contemplation of, or intended to take effect in possession or enjoyment at or after, his death, except in case of a bona fide sale for an adequate and full consideration in money or money’s worth.
Heretofore there has existed irreconcilable conflict in some of the court decisions interpreting this statute, which has now been definitely cleared away. The United States Supreme Court, in a decision handed down on February 4, 1935, Helvering v. Grinnell, 294 U. S. 153, dealing- with said section of the law on a state of facts comparable to those in the instant case, said:
The crucial words are “ property passing under a general power of appointment exercised by the decedent by will.” Analysis of this clause discloses three distinct requisites — (1) the existence of a general power of appointment; (2) an exercise of that power by the decedent by will; and (3) the passing of the property in virtue of such exercise. Clearly, the general power existed and was exercised; and this is not disputed. But it is equally clear that no property passed under the power or as a result of its exercise since that result was definitely rejected by the beneficiaries. If they had wholly refused to take the property, it could not well be said that the property had passed under the power, for in that event it would not have passed at all. Can it properly be said that because the beneficiaries elected to take the property under a distinct and separate title, the property nevertheless passed under the power? Plainly enough, we think, the answer must be in the negative.
In the instant case petitioner does not admit that the power of appointment by will was exercised as in Helvering v. Grinnell, supra; but even if so admitted, it nevertheless appears that the beneficiaries definitely rejected title in that way and took as remaindermen, as they had the right to do. It therefore appears that title did not pass under the power of appointment given in the trust indenture, and the value.of the trust property should not be added to decedent’s gross estate. We hold respondent was in error.

Judgment mil be entered for the petitioner.